CHARLES H. WORSTER *vs.* HENRY D. YEATON.

Suffolk.  March 4, 1908. — April 3, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil*, Motion to advance for judgment, Notice of motion, Motion made in judge's lobby.  *Superior Court.  Rules of Court.  Judgment*, Motion to advance for.

The second standing order of the Superior Court relating to business in Suffolk County, which provides that, in the First Equity Division, a daily motion list " will be kept on which motions . . . whether in equity, common law, or divorce, may be placed . . . if from Suffolk, by either party, first giving notice in writing to the other party seven days before the day of hearing," was not intended to, and does not, limit the power of any judge of that court to hear a motion in any other session of the court, or in chambers, when the circumstances are such as to make a hearing proper.

On Thursday, December 26, the defendant in an action in the Superior Court which had been advanced for a speedy trial after an affidavit by the plaintiff that there was no defense to it, was defaulted and the court ordered that judgment be entered on the first Monday of February.  On December 27, the plaintiff left a notice in writing at the office of the defendant stating that he would on Saturday, December 28, at eleven o'clock in the morning in the judges' lobby of the court move that judgment in the action be entered on the first Monday of January.

The motion was heard and allowed at the time and place stated in the notice. The defendant appealed. *Held,* that the notice was sufficient and the court had jurisdiction to allow it.

CONTRACT on a promissory note. Writ in the Municipal Court of the City of Boston dated October 11, 1907.

After appeal to the Superior Court, on the plaintiff filing an affidavit that there was no defense to the action, the case was advanced for speedy hearing under R. L. c. 173, § 55, and the defendant was defaulted on December 26, 1907, which was Thursday, and an order was made that judgment be entered on the first Monday of February, 1908. On Friday, December 27, the plaintiff's attorney left at the office of the defendant the following notice, signed by him: " Please take notice that on Saturday morning Dec. 28 at 11 o'clock in the Judges' Lobby of the Superior Court I will make a motion, a copy of which I enclose you." The motion, a copy of which was enclosed in the notice, was as follows: " Now comes the plaintiff in the above entitled action and moves that judgment be entered the first Monday in January, 1908, the case having been defaulted December 26." The motion was heard before *Wait,* J., and allowed, and the defendant appealed.

*H. D. Yeaton, pro se,* submitted a brief.

No counsel appeared for the plaintiff.

KNOWLTON, C. J. This is an action upon a promissory note. The defendant was defaulted on December 26, 1907, and an order was made that judgment be entered on the first Monday of February, 1908. On December 27 the plaintiff gave the defendant a notice that on December 28, at eleven o'clock, in the judges' lobby of the Superior Court, he should make a motion, of which he enclosed a copy, for an entry of judgment in the case on the first Monday of January, 1908. At the hearing on this motion it was allowed, and judgment ordered accordingly. From this order the defendant appealed to this court.

The defendant rests his argument upon the Second Standing Order of the Superior Court, relating to business in Suffolk County, which provides for a daily motion list, and prescribes the method for putting motions on this list and the notices to be given. He contends that, inasmuch as the motion was not put on the list and the notice given was not such as is required for

the hearing of motions on the list, the court had no jurisdiction to make the order.    This contention is founded on the assumption that the rule forbids the hearing of any motion that is not entered on the motion list.    The assumption is erroneous.    The rule was not intended to limit the power of any judge to hear a motion in any other session of the court, or in chambers, when the circumstances are such as to make a hearing proper.

In the present case a reasonable notice was given of the time and place at which the motion would be presented for hearing, together with a copy of the motion.    The court had jurisdiction to hear it, and the order must be

*Judgment affirmed.*